IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUSTIN DANIELS,

    Plaintiff,

vs.                                                                                      Civ. No. 10-969 BB/DJS

7-11 CONVENIENCE STORE,

    Defendant.

## MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on pro se Plaintiff Justin Daniels' motion seeking authorization to proceed *in forma pauperis* ("IFP") with this litigation, *i.e.*, without prepaying costs or filing fees. *See* Doc. 2, filed October 12, 2010. When determining whether to grant permission to proceed IFP, the Court must "review the affidavit and screen [Daniels'] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. If the Court determines that "the allegation of poverty is untrue," or that a complaint filed without the prepayment of filing fees fails to state a claim or names a defendant who is immune from suit, it must dismiss the case. *See* § 1915(e)(2)(A), (B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of complaints under § 1915(e) is now mandatory).

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Daniels, who is 27 years old and has no dependents, receives disability payments of $816/month. *See* Doc. 2 at 2. Although an attachment to Daniels' Complaint indicates that he may live with a family member, *see* Doc. 1, Att. 3 (EEOC letter mailed to Justin Daniels, "C/O Mr. Vince Daniels" at the same address Justin Daniels provides on his motion to proceed IFP), he states that he pays $400/month for rent and pays no utilities, *see* Doc. 2 at 4. And although the current national monthly average "thrifty food plan" costs for a male in Daniels' age group is about $200[1], Daniels claims that he spends $400/month on food. *See id.* He lists no other debts or expenses of any kind. The Court need not hold a hearing to determine the veracity of Daniels' alleged expenses because, as discussed below, Daniels' Complaint must be dismissed for lack of subject-matter jurisdiction.

Using a standard, fill-in-the-blank form complaint for actions brought under 42 U.S.C. § 1983, Daniels is suing an unidentified 7-11 Convenience Store in Albuquerque, New Mexico. *See* Complaint at 1. Daniels checked the "no" box in response to the question whether the Defendant acted under color of state law. *See id.* The Complaint is devoid of factual allegations. Instead, Daniels makes a single, conclusory statement: "got discrimtation [sic] for being retared [sic] to worked [sic]." *Id.* at 2.

---

[1] *See* Official USDA Food Plans, Average for August 2010, located at http://www.cnpp.usda.gov.

"Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). "[T]he party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." *Id.* (internal quotation marks omitted). Daniels has alleged no facts showing that "some person has deprived him of a federally protected right" and "that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Daniels has, therefore, failed to allege sufficient facts to invoke the Court's subject-matter jurisdiction over, or to state a claim under, § 1983. *See Monks v. Hetherington*, 573 F.2d 1164, 1167 (10th Cir. 1978) (noting that, when "[t]here is no demonstration of state action [there is,] no basis for civil rights jurisdiction" under § 1983"); *Blythe v. Southwest Airlines Co.*, No. 10-2047, 2010 WL 2473863, *2 (10th Cir. June 18, 2010) (affirming district-court's conclusion that, because the complaint included no allegation that the defendant acted "under color of state law," it "failed to state a federal claim or invoke federal subject-matter jurisdiction as a § 1983 action"); *Elliott v. Chrysler Fin.*, No. 05-2073, 149 F. App'x 766, 768-69, 2005 WL 2114181, **1-2 (10th Cir. Sept. 2, 2005) (noting that, "[t]o establish subject matter jurisdiction under § 1343, the plaintiff must show that the defendant acted 'under color of any state law'" and that, if § 1331 could otherwise provide subject-matter jurisdiction, a "complaint fails to state a [§ 1983] claim upon which relief can be granted [when] it fails to establish state action"). Because Daniels has failed to allege any facts demonstrating this Court's subject-matter jurisdiction, the Court must dismiss his Complaint without prejudice. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Daniels attached to his Complaint a copy of his request to the EEOC for a right-to-sue letter and a copy of the EEOC's letter notifying him of his right to sue, but nothing indicates the basis of his EEOC charge. If Daniels decides to file a sufficient motion to proceed IFP (or pays the filing fees) and submits an amended complaint for violation of a federal statute like Title VII of the Civil Rights Act of 1964, he should specify the dates the alleged events and injury occurred, exactly what happened, and who was involved. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("a district court might helpfully advise a pro se litigant that, to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").

**IT IS ORDERED** that Daniels' Motion to Proceed IFP [Doc. 2] is DENIED and his case is DISMISSED without prejudice.

_____
UNITED STATES DISTRICT JUDGE